UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

ALFRED LEE MAULDIN, )
 )
    Petitioner, ) Civil No. 0: 14-173-HRW
 )
V. )
 )
SNYDER NORRIS, WARDEN, ) **MEMORANDUM OPINION**
 ) **AND ORDER**
    Respondent. )

\*\*\* \*\*\* \*\*\* \*\*\*

Alfred Lee Mauldin is a prisoner incarcerated at the Federal Prison Camp in Ashland, Kentucky. Proceeding without an attorney, Mauldin has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [D. E. No. 1]

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Mauldin's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573

1

(6th Cir. 2003). At this stage, the Court accepts the petitioner's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

## Background

On November 22, 1995, a federal grand jury sitting in Columbia, Tennessee issued a superseding indictment charging Mauldin with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g), possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1), and using and carrying a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c). Following a two-day trial, a jury found Mauldin guilty of all charges. On February 28, 1996, the court sentenced Mauldin to two concurrent sentences of 262 months imprisonment on the first two counts to be followed by a consecutive sentence of 60 months on the third count, for a combined 322-month sentence. *United States v. Mauldin*, No. 1:95-CR-6-1 (M.D. Tenn. 1995).

On direct appeal, Mauldin objected to his conviction for "using" a firearm under *Bailey v. United States*, 516 U.S. 137 (1995) and to the enhancement of his sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1) ("ACCA"). The Sixth Circuit rejected his arguments and affirmed on April 3, 1997. *United States v. Mauldin*, 109 F. 3d 1159 (6th Cir. 1997).

2

In the years following, Mauldin filed six motions in the trial court seeking post-conviction relief pursuant to 28 U.S.C. § 2255 and 18 U.S.C. § 3582(c), all without success. He also filed a dozen or more challenges to his conviction in various federal courts under 28 U.S.C. § 2241 claiming, amongst other things, that information in his pre-sentence report was inaccurate. All of these petitions were dismissed for lack of jurisdiction or as frivolous. *Cf. Mauldin v. Stansberry*, No. 5:06-HC-2023-D, 2007 WL 2904147 (E.D.N.C. 2006); *Mauldin v. Outlaw*, No. 2:08-CV-213-BD (E.D. Ark. 2008); *Mauldin v. Doe*, No. 2:10-CV-32-BSM, 2010 WL 2243701 (E.D. Ark. 2010). The dismissal of Mauldin's numerous civil rights actions has also rendered him subject to the three-strikes bar of 28 U.S.C. § 1915(g). *Mauldin v. Rivera*, No. 1:13-CV-503 (E.D. Tex. 2013).

In his current petition, Mauldin appears to argue that he is "actually innocent" of the sentencing enhancement under § 924(e)(1) because he did not "use" the firearm within the meaning of 18 U.S.C. § 924(c) under *Watson v. United States*, 552 U.S. 74 (2007). [D. E. No. 1, p. 2, 7] He also argues that his counsel was constitutionally ineffective, at trial and on direct appeal, because he failed to adequately challenge errors contained within the pre-sentence report regarding his prior state offenses, *Id.* at p. 7, and was ineffective for preventing the increase in his mandatory minimum sentence based upon matters not contained within the indictment. [D. E. No. 1, p. 8] Mauldin also supplemented his petition

3

with documents he contends show that at the time of his federal trial he did not have three or more prior convictions for serious drug offenses, and thus the sentencing enhancement required by § 924(e) was not warranted. [D. E. No. 4, pp. 2, 8-11] At trial, Mauldin – both through counsel and acting *pro se* – filed objections to the use of these offenses as predicates. [D. E. No. 4, pp. 27-32].[1]

## Discussion

Mauldin may not pursue his claims in a § 2241 petition. A petition filed under 28 U.S.C. § 2241 is reserved for challenges to actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). To challenge the legality of a federal conviction or sentence, a prisoner must file a motion for post-conviction relief under 28 U.S.C. § 2255 in the court that convicted and sentenced him. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). The prisoner may not use a habeas corpus petition pursuant to 28 U.S.C. § 2241 for this purpose, as it does not constitute an additional or alternative remedy to the one available under § 2255. *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001).

---

[1] To the extent Mauldin asserts a separate claim that portions of the federal criminal code found in Title 18 were not properly enacted in 1947 by a quorum of both houses of Congress [D. E. No. 8], this claim is not cognizable under § 2241 and is substantively frivolous. Cf. *United States v. Collins*, 510 F.3d 697, 698 (7th Cir. 2007) (describing attack on constitutionality of the enactment of Title 18 as "unbelievably frivolous"); *United States v. Potts*, 251 Fed. App'x 109, 111 (3d Cir. 2007) (same).

Under highly exceptional circumstances, the "savings clause" found in 28 U.S.C. § 2255(e) will permit a prisoner to challenge the validity of his conviction in a habeas corpus proceeding under § 2241, but only where the remedy afforded by § 2255(a) "is inadequate or ineffective" to test the legality of his detention. *Truss v. Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004). This standard is not satisfied merely because the prisoner's time to file a § 2255 motion has passed; he did not file a § 2255 motion; or he did file such a motion and was denied relief. *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002); *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002) (§ 2241 available "only when a structural problem in § 2255 forecloses even one round of effective collateral review ...").

Instead, the prisoner must be asserting a claim of "actual innocence." Such a claim can arise only where, after the prisoner's conviction became final, the Supreme Court re-interprets the substantive terms of the criminal statute under which he was convicted in a manner that establishes that his conduct did not violate the statute. *Hayes v. Holland*, 473 F. App'x 501, 501-02 (6th Cir. 2012) ("To date, the savings clause has only been applied to claims of actual innocence based upon Supreme Court decisions announcing new rules of statutory construction unavailable for attack under section 2255."); *United States v. Prevatte*, 300 F.3d 792, 800-801 (7th Cir. 2002).

First, Mauldin could and should have asserted his claim under *Watson* in his first motion for relief under Section 2255. The Sixth Circuit affirmed Mauldin's conviction on April 3, 2007, and *Watson* was decided on December 10, 2007, *before* the expiration of the one-year period within which Mauldin could seek relief under 28 U.S.C. § 2255. Because Mauldin's *Watson* was available to assert under Section 2255, *Hayes*, 473 F. App'x at 501-02, Mauldin may not assert it under § 2241. *See Combs v. Hogsten*, No. 6:09-Cv-213-DCR, 2009 WL 3232992, at *2 (E.D. Ky. 2009) (holding that *Watson* was not an "intervening change in the law" when it was decided while petitioner's direct appeal was not yet final).[2]

Second, Mauldin's challenge to the enhancement of his sentence, as opposed to the validity of his conviction, is not cognizable under § 2241. *United States v. Peterman*, 249 F.3d 458,462 (6th Cir. 2001) (vacating habeas relief where petitioners "do not argue innocence but instead challenge their sentences."); *Brown v. Hogsten*, 503 F. App'x 342, 343 (6th Cir. 2012) (affirming denial of § 2241 petition challenging ACCA enhancement because "claims of sentencing error may not serve as the basis for an actual innocence claim."); *Jones v. Castillo*, 489 F. App'x 864, 866 (6th Cir. 2012) ("Claims alleging 'actual innocence' of a

---

[2] In addition, in *Watson* the Supreme Court clarified its decision in *Bailey v. United States*, 516 U.S. 137 (1995) by holding that a firearm is not "used" under § 924(e) when it is traded for drugs. *Watson*, 552 U.S. at 79-80. But Mauldin's sentence was not enhanced for trading his gun for drugs, but for "using" the firearm in the ordinary fashion: keeping it with him for protection. *Mauldin*, 109 F. 3d at 1161-62. In short, the Supreme Court's decision *Watson* was and is factually and legally irrelevant to the enhancement of Mauldin's sentence.

sentencing enhancement cannot be raised under § 2241."); *Hayes v. Holland*, No. 0:11-CV-33-HRW (E.D. Ky. 2011), *aff'd*, No. 11-5578 (6th Cir. Aug. 7, 2012); *Johnson v. Cauley*, No. 09-52-HRW (E.D. Ky. 2009), *aff'd*, No. 09-5991 (6th Cir. July 9, 2010).

Finally, Mauldin's claim that his counsel was ineffective in violation of his rights under the Sixth Amendment under *Strickland v. Washington*, 466 U.S. 668 (1984) is a claim of ordinary trial error that must be pursued on direct appeal or in an initial motion under Section 2255, and is therefore not cognizable in a § 2241 petition. *Mallard v. United States*, 82 F. App'x 151, 153 (6th Cir. 2003); *Briggs v. Quintana*, No. 5:13-183-JMH, 2013 WL 5221996, at *2 (E.D. Ky. Sept. 16, 2013); *Strickland v. Quintana*, No. 5:13-331-KKC, 2014 WL 376719, at *2 (E.D. Ky. Feb. 3, 2014).

Accordingly, **IT IS ORDERED** that:

1. Mauldin's petition for a writ of habeas corpus [D. E. No. 1] is **DENIED**.

2. The Court will enter a judgment contemporaneously with this order.

3. This matter is **STRICKEN** from the docket.

This 15th day of May, 2015.



Signed By:
*Henry R. Wilholt, Jr.*
United States District Judge